UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MC SWAIN,

        Petitioner,

v.                                  CASE NO. 05-CV-74143-DT
                                   HONORABLE GERALD E. ROSEN

HUGH WOLFENBARGER,

        Respondent.
_____/

**ORDER
GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE,
DENYING AS MOOT PETITIONER'S MOTION FOR DISCOVERY
AND RESPONDENT'S MOTION FOR ENLARGEMENT OF TIME,
AND
CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I. Introduction**

Petitioner Mark McSwain has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. He was convicted in 2003 of armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. He alleges that he is serving a sentence of fifteen to thirty years.

On appeal from his convictions, Petitioner alleged that (1) the prosecutor presented insufficient evidence to support his convictions, (2) the verdicts were contrary to the great weight of the evidence, (3) the trial court erroneously qualified a witness as an expert, and (4) the prosecutor committed misconduct during his closing argument by (a) stating that Petitioner was lying , (b) vouching for a witness' credibility, and (c) capitalizing on the defense expert's opinion. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished

*McSwain v. Wolfenbarger,* No. 05-CV-74143-DT decision. *See People v. McSwain*, No. 249206, 2004 WL 2827671 (Mich. Ct. App. Dec. 9, 2004). On August 30, 2005, the Michigan Supreme Court denied leave to appeal. *See People v. McSwain*, 474 Mich. 853; 702 N.W.2d 583 (2005) (table).

Petitioner filed his habeas corpus petition on October 28, 2005. The grounds for relief allege that (1) the prosecutor's evidence was insufficient or against the great weight of the evidence, (2) the prosecutor refused to investigate the putative victim's recantation of his testimony, (3) defense counsel failed to call two witnesses, and (4) defense counsel failed to investigate the criminal background of the prosecution's witness.

Currently pending before the Court are Petitioner's motions for discovery and to hold this case in abeyance. The latter motion seeks a stay of Petitioner's exhausted claims so that he can raise his unexhausted claims in state court. The motion for discovery seeks an order directing the release of all audio and video surveillance tapes. Petitioner contends that the tapes would have corroborated his claim of actual innocence and would have resulted in a different outcome. Also pending before the Court is Respondent's motion to extend the time for filing a responsive pleading, which was due on May 8, 2006.

## II. Discussion

State prisoners must "fairly present" their claims in each appropriate state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973). Absent unusual or

*McSwain v. Wolfenbarger,* No. 05-CV-74143-DT

exceptional circumstances, courts must dismiss habeas petitions containing any claims that have not been fairly presented to the state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

It is clear from the decision of the Michigan Court of Appeals that Petitioner raised his first habeas claim regarding the sufficiency and the weight of the evidence in the Michigan Court of Appeals. Petitioner apparently failed to raise his remaining three claims in the court of appeals. Even if Petitioner presented those claims to the Michigan Supreme Court, presentation of a claim for the first and only time to a state's highest court on discretionary review, without more, does not constitute "fair presentation" for purposes of the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Thus, the habeas petition is a mixed petition of exhausted and unexhausted claims.[1]

The pending habeas petition was timely filed, but a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). In light of this dilemma, courts are not precluded from

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

---

[1] Because Respondent has not filed the state court record to date, the Court cannot say with certainty whether Petitioner's claims were fairly presented to both state appellate courts.

3

*McSwain v. Wolfenbarger,* No. 05-CV-74143-DT

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). Stay and abeyance, however, are "available only in limited circumstances," such as

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner has not alleged "cause" for failing to exhaust state remedies for all his claims, but he does not appear to be engaged in abusive litigation tactics or intentional delay, and his unexhausted claims are not clearly meritless.

### III.  Conclusion

It is not be an abuse of discretion to stay and abey these proceedings to enable Petitioner to pursue available state remedies for his unexhausted claims. Accordingly, Petitioner's motion to hold this case in abeyance [Doc #5, Mar. 17, 2006] is GRANTED. Petitioner's motion for discovery [Doc. #4, Jan. 17, 2006] and Respondent's motion for an extension of time to file a responsive pleading [Doc. #7, May 8, 2006] are DENIED as moot.

The Court's stay is conditioned on Petitioner complying with "reasonable time limits on [his] trip to state court and back." *Rhines*, 544 U. S. at 278 (citing *Zarvela*, 254 F.3d at 381). Petitioner shall file a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order. If he is unsuccessful in state court, he may return to this Court with an

*McSwain v. Wolfenbarger,* No. 05-CV-74143-DT

amended habeas petition, provided that he does so within **sixty (60) days** of exhausting state remedies.

    The Clerk of Court is ordered to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.


                                              s/Gerald E. Rosen  
                                              Gerald E. Rosen  
                                              United States District Judge

Dated: June 8, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2006, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry  
                                              Case Manager