UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MC SWAIN,

                        Petitioner,

v.                                                        CASE NO. 05-CV-74143-DT
                                                          HONORABLE GERALD E. ROSEN
HUGH WOLFENBARGER,

                        Respondent.
_____/

## ORDER
### (1) GRANTING PETITIONER'S MOTIONS TO AMEND THE HABEAS PETITION AND FOR DOCUMENTARY EVIDENCE, (2) DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL AND HIS MOTION REGARDING A JURISDICTIONAL DEFECT, (3) DIRECTING THE CLERK OF COURT TO RE-OPEN THIS CASE, AND (4) DIRECTING RESPONDENT TO FILE A RESPONSIVE PLEADING

On October 28, 2005, petitioner Mark McSwain filed a *pro se* Petition for the Writ of

Habeas Corpus under 28 U.S.C. § 2254.  Before the State could file a responsive pleading,

Petitioner moved to hold his case in abeyance so that he could pursue post-conviction remedies

in state court.  On June 8, 2006, the Court granted Petitioner's motion to hold his case in

abeyance and closed the case for statistical purposes.

Petitioner returned to state court where he filed a motion for relief from judgment.  The

trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal.  The

Michigan Supreme Court rejected Petitioner's application for leave to appeal on August 24,

2007.  Currently pending before the Court are Petitioner's Motion to Amend his Habeas Petition,

his Motion for Documentary Evidence, his Request for Counsel, and his "Motion of

Jurisdictional Defect."

Courts may lift a stay and allow a prisoner to proceed in federal court after the prisoner exhausts state remedies. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Petitioner has either exhausted state remedies for his claims or he no longer has an available remedy to exhaust. Therefore, the Clerk of Court is **ORDERED** to re-open this case, and Petitioner's Motion to Amend his habeas petition [Doc. 10, Oct. 12, 2007] is **GRANTED**.

Petitioner's Motion for Documentary Evidence [Doc. 13, Oct. 12, 2007] is **GRANTED** to the extent that Petitioner is seeking to have Respondent file the state court record. Petitioner's Request for Appointment of Counsel [Doc. 12, Oct. 12, 2007] is **DENIED**, because he has no right to be represented by counsel on habeas corpus review, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and the interests of justice do not require appointment of counsel at this time. The "Motion of Jurisdictional Defect" [Doc. 11, Oct. 12, 2007] is **DENIED** because it alleges a mere violation of state law, and a perceived error of state law is not a basis for habeas corpus relief. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Respondent is **ORDERED** to file an answer to the amended habeas petition, along with a copy of the relevant state court transcripts, briefs, and orders and a list of these items. The state court record must be filed on or before **July 15, 2007**. Petitioner shall have **forty-five (45) days** from the date of the responsive pleading to submit a reply.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: January 11, 2008

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager